IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GLENDA A. JEWELL,          )
                                     )
       Plaintiff,          )
                                     )
     v.                  )      2:04-CV-00720-B
                                     )      [WO]
JO ANNE B. BARNHART,      )
COMMISSIONER OF SOCIAL SECURITY,  )
                                     )
       Defendant.      )

## MEMORANDUM OPINION AND ORDER

Following administrative denials of applications for disability insurance benefits under Title II of the Social Security Act , 42 U.S.C. §§ 401 *et seq*., and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq*., Glenda A. Jewell ("Jewell") received a requested hearing before an administrative law judge ("ALJ"), who rendered an unfavorable decision on April 24, 2003.  After concluding that newly submitted evidence did not warrant remand, the Appeals Council rejected review; thus, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court concludes that the Commissioner's decision should be reversed and remanded for further administrative consideration.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). The Commissioner's decision must be

considered conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is less than a preponderance; instead, it is considered such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Crawford v. Commissioner of Soc. Sec.*, 363 F.2d 1155, 1158-59 (11th Cir. 2004); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Because substantial evidence is "more than a scintilla," *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987),  it "must do more than merely create a suspicion of the existence of the fact to be established." *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).  A decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding the contrary evidence. *McCruter v. Bowen*, 791 F. 2d 1544, 1548 (11th Cir. 1986).

The court must examine the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The court will reverse a Commissioner's decision if the decision applies incorrect law or  fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health & Human Servs.*, 21 F. 3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Jewell, age 48 at the time of the hearing on March 12, 2003,  has not engaged in substantial gainful work since September 11, 2000, the alleged onset date of disability.  The ALJ determined that Jewell "has degenerative disc disease status post fusion and chronic obstructive pulmonary disease, impairments that are severe within the meaning of the Regulations but not severe enough

to  meet or medically equal one of the  impairments listed in Appendix 1, Subpart P, Regulations No. 4."  Finding Jewell's "allegations regarding her limitations ...not totally credible", the ALJ concluded that she retained the  residual functional capacity ("RFC") to perform past relevant work as a store clerk, a cashier or an assembly line worker, and is thus not disabled.[1]

## III.   ISSUES

Jewell's initial brief specifies four issues for judicial review:   whether the ALJ failed to properly refute the opinion of Dr. McGahan, a treating physician;  whether the ALJ, at step five of the sequential evaluation process, failed to consider Mrs. Jewell's treatment in regard to her ability to work on a regular and continuing basis;  whether the new evidence submitted to the Appeals Council warrants remand;  whether the ALJ erred in failing to address the severity of Mrs. Jewell's pain disorder due to psychological factors and a general medical condition.[2]

The court's analysis isolates  three issues which warrant discussion:

1.      whether the ALJ erred by not evaluating Jewell's diagnosed pain disorder due to psychological factors and a general medical condition as a severe impairment;

2.      whether the ALJ's formulation of Jewell's residual functional capacity for past work  ignored  her treating physician's opinion that she cannot lift over five pounds;[3]

---

[1]R.25-29.

[2] *Plaintiff's Brief*  ("Pl.'s Br.") at 1-2 (Doc. 11, Dec. 29, 2004).

[3]The court concludes that the ALJ erred in his step-four assessment of RFC and thus declines any discussion of step-five error arising from his alleged failure to consider the  impact of her need
(continued...)

3.      whether new evidence warrants remand.

The first issue attacks the ALJ's step-two analysis while the second issue challenges the ALJ's

assessment at step four of the five-step sequential evaluation process.[4]  Both issues  relate to the

─────────────────────

[3](...continued)
for medical treatment and medications.  To the extent that this error underscores the ALJ's duty at steps four and five to establish RFC by reference to all pertinent medical evidence, including medical treatment and medicines, the court does not find sufficient support in the evidentiary record for the claimed error.

[4]The sequential evaluation process is described succinctly  in *Davis v. Shalala*, 985 F. 2d 528, 532 (11th Cir. 1993):

In *step one* of the sequential evaluation, the Secretary determines only *whether a claimant is engaged in substantial, gainful activity* and gives no consideration to a claimant's alleged disabilities either separately or in combination.  *See* 20 C.F.R. §416.923.  In sequential evaluation *step two, the Secretary determines whether a claimant has a "severe" impairment* or combination of impairments that causes more than a minimal limitation on a claimant's ability to function.  *See* 20 C.F.R. §416.2( c ).  If the Secretary finds, at step two, "a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process."  *See* 20 C.F.R. §416.923.  In sequential evaluation *step three*, the Secretary determines *whether a claimant's impairment meets or equals a disability described in the Listing of Impairments* which describes impairments that are considered severe enough to prevent a person from doing any gainful activity.  *See* 20 C.F.R. §§416.920(d), 416.925(a).  Finally, in sequential evaluation *steps four and five, the Secretary makes an assessment of a claimant's residual functional capacity*, in light of a claimant's past work, experience, age, and education.  *See* 20 C.F.R. §§416.920(e) and 416.920(f).(emphasis added).

As correctly stated by the Commissioner (*see Memorandum In Support Of the Commissioner's Decision* ("Def.'s Br.") at 7  (Doc. 14, Feb. 28, 2005) and conceded by Jewell (*see Pl.'s Reply Br.* at 3 ), because the ALJ found  at step four that Jewell could  perform past work, and, therefore,  is not disabled, he "did not have the obligation to obtain vocational expert testimony." *See Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir. 1990) (explaining that vocational expert testimony is not necessary at step four but is required to determine RFC for claimant who cannot return to past work); *see also McCovery v. Halter*,  No. Civ.A.00-0195-CV-S, 2001 WL 936194 at *1 and *2 (S.D. Ala. May 4, 2001) (affirming propriety of ALJ's reliance on VE's response to hypothetical question in step-four finding that claimant can perform past relevant work); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (explaining that upon proof that claimant cannot
(continued...)

ultimate inquiry on judicial review:  whether the Commissioner's  disability decision is supported

by proper legal standards and by substantial  evidence.  *See Bridges v. Bowen*, 815 F.2d 672 (11th

Cir. 1987).  Remand for consideration of newly submitted evidence is governed by 42 U.S.C. §

405(g).


## IV.   DISCUSSION

### A.    Evaluation of Pain Disorder as Severe Impairment

Jewell contends that the ALJ "mentioned [her] diagnosed pain disorder due to psychological

factors and a general medical condition in an attempt to discredit a diagnosis of depression" but

committed reversible error when he "failed to address the severity of this impairment."[5] The

Commissioner responds that "the evidence is inconsistent with [Jewell's] allegation" of pain

disorder as a severe impairment.[6]  While "a diagnosis alone is an insufficient basis for a finding that

an impairment is severe,"[7] the Commissioner misapprehends the thrust of Jewell's  contention.

Whether Jewell's diagnosed pain disorder qualifies as a severe impairment  is not the question

presented on this judicial review; rather, it is whether the ALJ either failed altogether to address the

severity of this impairment or failed to provide this court a sufficient basis for determining that he

did and, if so, an explicit outline of the basis for his adverse determination.  Either failure dictates

---

[4](...continued)
perform past relevant work, the burden shifts to the Commissioner "to show the existence of other
jobs in the national economy which, given the claimant's impairments, the claimant can perform.").

[5]*Pl.'s Br.* at 14.

[6]*Def.'s Br.* at 12-13.

[7]*Def.'s Br.* at 11.

remand.[8]

The ALJ's chronology of Jewell's medical history duly notes the January 30, 2002 consultative psychological evaluation of Dr. J. Walter Jacobs, who diagnosed her *pain disorder due to psychological factors and a general medical condition.*  The record is clear, however, that the ALJ did not determine whether this specifically diagnosed impairment is a severe impairment; instead, his step- two analysis of Jewell's severe impairments referenced her pain disorder only as it relates to  her claimed depression as a severe impairment.[9]    The ALJ's duty to make this determination arises from Jewell's allegation of pain as a disabling condition[10] and the consultative

---

[8]*See Cowart v. Schweiker*, 662 F. 2d 731, 735 (11th Cir. 1981) ("The ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision...to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence."); 20 C.F.R. §404.1520, 20 C.F.R. §404.1522, and 20 C.F.R. §1523 (requiring the ALJ to consider alleged impairments singularly and in combination);  *Walker v. Bowen*, 826 F. 2d 996 (11th Cir. 1987)(ALJ must consider the combined effects of a claimant's impairments in determining whether the claimant is disabled).

[9]In relevant part, the ALJ determined:

> The claimant's alleged depression does not represent a severe impairment within the meaning of the Social Security Act.  Claimant first alleged a history of depression on February 12, 2002 when seen by Dr. Hackett (Exhibit 17F) but first sought mental health treatment on March 18, 2003 when she underwent a mental status examination at East Central Mental Health, Inc. (Exhibit 26F).  When examined by consultative psychologist, Dr. Jacobs, diagnosis was pain disorder due to psychological factors and a general medical condition (Exhibit 10F). The claimant's lack of any real mental health treatment suggests that her symptoms are not as severe as alleged.  Her complaints are only for a short period of time, and are therefore durational.

(R. 25).

[10]On the *Disability Report* she completed on July 8, 2001, Jewell identified as follows "the illnesses, injuries, or conditions that limit [her] ability to work": pain, numbness and weakness in neck, back, arms and legs, also chronic headaches."  (R. 49). She also alleged disabling pain in the Pain Questionnaire completed on  January 3, 2002 (R. 78-9) and testified similarly at the hearing before the ALJ on  March 12, 2003.

examiner's diagnosis – not otherwise rejected by the ALJ– of a pain disorder which by definition suggests a possibly severe impairment [11]

Jewell's diagnosed pain disorder required the ALJ to discuss it as a severe impairment to the same extent as he discussed other alleged impairments, including the depression and bowel problem determined to be non-severe impairments. This he did not do and it appears, instead, that he relegated the diagnosed pain disorder to the status of subjective allegations found not credible based on his perception as well as suspected malingering reported by a consultative physician who examined Jewell a few weeks before the consultative psychologist made his diagnosis.[12]

Remand is necessary for the ALJ to analyze and to state explicitly his analytical findings with respect to the severity of Jewell's diagnosed pain impairment – pain disorder due to psychological factors and a general medical condition – considered separately, and in combination with her other severe and non-severe impairments.[13]

---

[11]The essential feature of *Pain Disorder* is pain that is the predominant focus of the clinical presentation and is of sufficient severity to warrant clinical attention (Criterion A). The pain causes significant distress or impairment in social, occupational, or other important areas of functioning (Criterion B). Psychological factors are judged to play a significant role in the onset, severity, exacerbation, or maintenance of the pain (Criterion C). The pain is not intentionally produced or feigned as in Factitious Disorder or Malingering (Criterion D). Pain Disorder is not diagnosed if the pain is better accounted for by a Mood, Anxiety, or Psychotic Disorder, or if the pain presentation meets criteria for Dyspareunia (Criterion E). With respect to *Pain Disorder Associated With Both Psychological Factors and a General Medical Condition*, this subtype is used when both psychological factors and a general medical condition are judged to have important roles in the onset, severity, exacerbation, or maintenance of pain. *Diagnostic and Statistical Manual of Mental Disorders Text Revision* 498-99 (4th ed. 2000).

[12]Based on his consultative examination on January 7, 2002, Alan M. Babb, M.D. reported : "[Jewell] "gives too-numerous-to-count pain complaints . . .how much of this is 'show' is not really clear . . . I cannot say for sure whether or not this is true pain or a major element of malingering." (R. 131, 133).

[13]*See Gibson v. Heckler*, 779 F. 2d 619, 622 (11th Cir. 1986)(ALJ committed reversible error
(continued...)

**B.**      **Assessment of Residual Functional Capacity for Past Work**

Jewell attacks the ALJ's finding of her  RFC "to lift and/or carry 20 pounds occasionally, 10 pounds frequently" because he neither discussed the contrary assessment by Dr. McGahan, a treating opinion, nor detailed reasons for rejecting or discrediting the opinion.  The  Commissioner argues that Dr. McGahan's opinion merits no preferential weight because "at the time that [he] articulated the limitation to five pounds, the record does not show that he had ever evaluated [Jewell's] neck and back complaints or provided treatment for those conditions."[14]

Assessment of RFC falls squarely within the ALJ's province, but it must be based upon all relevant evidence of the claimant's ability to work despite impairments.  *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997); SSR 96-5p, 1996 SSR LEXIS 2, *5-*7 ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.").

The ALJ's decision makes a cursory reference to Dr. McGahan's treatment records without describing at all the weight assigned to his opinions.[15]   The gist of Jewell's claim is that since all

---

[13](...continued)
by failing to consider each impairment alleged and to state the weight accorded each item of impairment evidence and the reasons for his decisions on such evidence); *Ashford v. Barnhart,* 347 F. Supp. 2d 1189, 1193-94 (M.D. Ala. 2004)(ALJ committed reversible error in his failure to accept that she was diagnosed with bipolar disorder, to address the severity of the disorder,  or to explain how and why the weight of the evidence would not support a finding that the disorder was a severe impairment); *Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1196-98 (M.D. Ala. 2002) (ALJ required to assess the severity of all of the claimant's alleged and/or diagnosed impairments).

[14]R. 27, 28. *Pl.'s Br.* at 4; *Def.'s Br.* at 6-7.

[15]*See* the ALJ's relevant report at *R.*24: "Progress notes from Wallace B. McGahan, M.D. show claimant was treated from January 20, 2003 to January 30, 2003 for chronic pain complaints (continued...)

of her past jobs consisted of "light work"[16], Dr. McGahan's lifting restriction for her precludes a return to that work, a fact supported by the vocational expert's testimony.[17]  This court finds error in the ALJ's failure to incorporate into his determination of Jewell's RFC for past work, or  to

_____

[15](...continued)
in her neck and back, a cold with coughing and a sinus infection.  Claimant was noted to fail to have her requested chest x-ray (Exhibit 15F)."


[16]The vocational expert described Jewell's past work, in pertinent part,  as follows:

Your Honor, the Claimant has worked numerous times in convenience stores as a convenience store clerk.  She has worked at the light exertional level and at the semi-skilled. At times, she's done some managerial work, which I would probably classify as the higher end of semi-skilled.  She's also worked as a cashier at the dollar store, light, semi-skilled.  She's worked as a sewing machine operator, light and unskilled. As an assembler in a factory, typically that is light and unskilled.  And again, cashier/clerk at a convenience store, light and semi-skilled.  And has done work as a fast foods worker that I would say is light and unskilled.

(R. 321-322).

[17]*Pl.'s Br.* at 5.  The ALJ's  hypothetical questions to the vocational expert,  Bob Beadles, did not incorporate the treating doctor's lifting restrictions (R. 322-323), but the expert's examination by Jewell's counsel included this pertinent colloquy:

*Q:* If her treating physician has told her not to lift over five pounds, would exclude some of  these jobs?
***
*A*: That would preclude her from light and medium work.
*Q:* And what about sedentary?
*A:* Sedentary would allow her some sedentary jobs. Sedentary allows lifting upwards to ten pounds, but none of the jobs would require lifting of ten pounds.
*Q:* Would it preclude some sedentary jobs?
*A*: Some.
*Q*: All right. But not a significant number?
*A*: Not a significant number.

(R. 323).

discredit, explain or otherwise reconcile, the lifting limitation identified by Dr. McGahan as an impediment to such light work; accordingly, remand is warranted. [18]

### C.      Consideration of New Evidence

The decision by the Appeals Council not to review the ALJ's decision followed consideration of the additional evidence submitted as reason for further administrative consideration: (a) progress notes from her mental health provider, East Central Mental Health dated March 18, 2003 through September 30, 2003  and (b) a August 5, 2003 letter from a vocational rehabilitation counselor with the Alabama Department of Rehabilitation Services.[19]   Upon analysis, the court concurs with the  Commissioner that this evidence  fails to satisfy the *materiality* prong of the applicable three-pronged standard for remand.

To   secure a remand under sentence six of 42 U.S.C. § 405(g) for administrative consideration of new evidence, the claimant must establish that  (1) there is *new,  non-cumulative*

---

[18]*See* SSR 96-8p ( "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion...The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved....The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.");  *SSR 96-5p* ("A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other  relevant evidence...when assessing an  individual's  RFC....Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions."); *see also Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-6 (11th Cir. 1991)( reversal mandated by Commissioner's failure to provide sufficient reasoning to assess propriety of the  legal analysis); *Cook v. Barnhart*, 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004)("The ALJ is required to explain his findings explicitly not just for the claimant's benefit. Clear and specific findings are also the *sin qua non* of effective review of this court.").

[19]R. 11-14; 277-291.

*evidence*;  (2) the evidence is *material*  because it is relevant and probative so there is a reasonable

possibility that it would change the administrative result; and (3) there is *good cause* for failure to

submit the evidence at the administrative level.  *Vega v. Commissioner of Social Security,* 265 F.

3d 1214 (11th Cir. 2001); *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998);  *Hyde v. Bowen*, 823

F.2d 456,459 (11th Cir. 1987);  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). Failure to

establish any of these elements means that remand is not appropriate. *Milano v. Bowen*, 809 F.2d

763, 766 (11th Cir. 1987).  *Materiality* of the evidence requires "a reasonable possibility that the

new evidence would change the administrative outcome." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th

Cir. 1987).   An additional implicit requirement of materiality is that the new evidence "relates to

the period on or before the date of the administrative law judge hearing decision."  20 C.F.R.

§416.1470(b).

　　　The court finds no reasonable possibility that either the "mental health" progress notes or  the

vocational rehabilitation counselor's letter would have changed the administrative outcome.  Jewell

contends that the progress notes "contradict the ALJ's findings and conclusion regarding the severity

of [her] major depression" because they "prove that [her] major depression is not durational, but

progressed and worsened over time" and "would cause non-exertional limitations that the ALJ did

not consider."[20]  A comparison of the East Central Mental Health progress notes actually considered

by the ALJ with the post-hearing notes on September 8, 2000, which indicated a diagnosis of

chronic major depression does not support Jewell's claim; for example, the ALJ expressly

considered a  March 18, 2003 progress note which referenced not only her diagnosis with "major

---

[20]*Pl.'s Br.* at 10-11.

11

depression *chronic*" but also her previous psychiatric hospitalization.[21]

With respect to the August 5, 2003 letter from her vocational rehabilitation counselor, Jewell claims materiality because it "documented that [her] muscle spasms were severe enough to cause a visible knot after typing for 30 to 40 minutes." In response to the Commissioner's contention that "there is no objective evidence that [Jewell] had a severe impairment of her left shoulder," Jewell argues that diagnosed impairments– cervical disc disease, chronic neck pain, hypertrophic spurring, and cervical strain– "cause muscle spasms that would be situated in the muscles attaching the shoulders and neck".[22] The record before the ALJ did include medical documentation for Jewell's muscle spasm and associated complaints of pain, [23] and Jewell simply has not established the materiality of this post-hearing letter.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, it is **ORDERED** that the decision of the Commissioner is **REVERSED** , and this cause is **REMANDED** pursuant to *sentence four* of 42 U.S.C. §405(g) for further proceedings to evaluate the severity of Plaintiff Jewell's impairment described as *pain disorder due to psychological factors and a general medical condition and to* ensure that the assessment of her residual functional capacity for past work addresses lifting restrictions imposed by her treating physician.

A separate judgment will be entered.

---

[21]R. 267-68. (emphasis added). The ALJ also considered a progress note which documented Jewell's "signs of improvement." See R. 285, 286, 288.

[22]*Pl.'s Br.* at 12. (internal quotations omitted); *Def.'s Br.* at 11; *Pl.'s Reply Br.* at 6.

[23]*See, e.g.,* R. 96, 100,106,197.

Done this 6th day of September, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE