IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENDA A. JEWELL,           ) | |
|                             ) | |
|    Plaintiff,   ) | |
|                             ) | |
|    v.          ) | 2:04-CV-00720-DRB |
|                             ) | [wo] |
| JO ANNE B. BARNHART,        ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
|                             ) | |
|    Defendant.  ) | |

## ORDER ON MOTION

Upon consideration of *Plaintiff's Motion For Attorney Fees*, *Memorandum of Law in Support*, and *Declaration of Schedule of Hours*, filed December 5, 2005 (Docs. 21, 22 and 23) as well as *Defendant's Response* (Doc. 25, Dec. 19, 2005), the court concludes that the *Motion* should be granted in part and denied in part.

## I. BACKGROUND

On September 6, 2005, this court entered a *Final Judgment* (Docs. 19 and 20) reversing the decision of the Commissioner of Social Security ("Commissioner") and remanding this case, pursuant to sentence four of 42 U.S.C. §405(g). The Commissioner does not claim substantial justification for its position in the underlying cause or the presence of any other special factor which militates against awarding fees. The plaintiff, therefore, is a prevailing party who is entitled to an award of attorney's fees and expenses. 28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed the pending motion for attorney's fees.

Pursuant to the Equal Access to Justice Act ("EAJA"), the Plaintiff seeks an award of $4,975.95, to counsel of record, Georgia H. Ludlum, for 33.85 hours of legal services rendered

between July 22, 2004 and December 5, 2005, at an hourly rate of $147.00. The Commissioner does not contest Plaintiff's entitlement to attorney fees but instead challenges (a) the fees requested for 10.5 hours in preparing the Plaintiff's reply brief and (b) the itemization of 5 entries "in minimum quarter-hour increments to review routine motions and orders". The Commissioner contends that attorney fees and other expenses "must be 'reasonable'". Furthermore, "[t]hese requests," the Commissioner contends, "are excessive given the routine nature of these orders."[1] Accordingly, the Commissioner asks that the court "make an independent evaluation of the reasonableness of counsel's bill."

## II.  DISCUSSION

### A.  Applicable Law

Attorney's fees under the EAJA are awarded under the lodestar method – that is, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Frazier v. Sullivan*, 768 F.Supp. 1511, 1518 (M.D. Ala. 1991). The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Id., citing Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). As the Eleventh Circuit explained in *American Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999):

> [The fee applicant's ] burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." (citations omitted).

---

[1]*Def.'s Response* at 1.

The fee applicant must exercise "billing judgment" and exclude hours that are excessive, redundant or otherwise unnecessary. *Norman*, 836 F. 2d at 1301; s*ee also ACLU of Georgia v. Barnes*, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise necessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### B. Analysis

The Commissioner does not object to Plaintiff's requested hourly rate, which reflects an hourly increase of $22.00 from the $125.00 hourly rate stipulated in the EAJA, and the court finds reasonable the requested rate.[2]  Upon analysis, the court finds well-taken all but three of the Commissioner's objections that Plaintiff claims excessive hours.

The 10.5 hours in controversy reflect the attorney's time, on March 15, 2005, in researching legal and medical issues and in drafting, editing and finalizing a *reply brief* relating to the same issues and arguments outlined in Plaintiff's initial brief. Neither the content nor the length of the reply brief warrants the 1.5 hours claimed for researching legal issues, the 2.0 hours claimed for researching medical issues, and the 7.0 hours claimed for drafting, editing and finalizing the reply brief. Accordingly, the court exercises its discretion to reduce by a total of 3.5 hours, as follows, these disputed hours:

---

[2]Plaintiff has documented satisfactorily increases in the consumer price index which authorize the requested increase as an adjustment for inflation.

| Services | | Claimed time | Reduced to |
|---|---|---|---|
| 03/15/05 | Research Legal Issues | 1.5 | 1.0 |
| 03/15/05 | Research Medical Issues | 2.0 | .5 |
| 03/15/05 | Draft, Edit & Finalize Plaintiff's Reply Brief | 7.0 | 5.5 |

The court also sustains the Commissioner's objection to the .25 hour time claimed by plaintiff's experienced counsel to "review" each of these standard or routine orders:

*Description*

08/09/04     Receipt & Review Judge's Scheduling Order   [standard 5 page Order]

03/07/05     Receipt & Review Order to File Reply Brief   [2- sentence Order]

Reduction is warranted to .10 hours for each entry, for a total reduction of 0.30 hours.

Not due to be sustained is the Commissioner's objection regarding the excessiveness of the hours claimed for reviewing the Commissioner's *motion for extension of time* on January 26, 2005; the Commissioner erroneously states that Plaintiff claims .25 hours instead of the .10 hours actually itemized. Nor does the court concur with the Commissioner's objections to the time claimed for reviewing the Commissioner's *Memorandum* on March 2, 2005 and the *Memorandum Opinion and Order and Judgment* on September 7, 2005.

In sum, the court finds excessive and deducts a total of 3.8 hours from the 33.85 hours itemized, thereby reducing compensable time to 30.05 hours at the uncontested hourly rate of $147.00, for a fee award to Plaintiff of $4,417.35.

### III.  CONCLUSION

Consistent with these findings, it is the **ORDER, JUDGMENT, and DECREE** of this court that *Plaintiff's Motion For Attorney Fees* (Doc. 21) is **GRANTED** only to the extent that Plaintiff shall be awarded attorney fees under the Equal Access to Justice Act in the total sum of $4,417.35, for 30.05 hours of legal representation rendered by Plaintiff's counsel, Georgia H. Ludlum.  Accordingly, a **JUDGMENT** for **$4,417.35 as attorney fees** is hereby awarded against the Commissioner and for the Plaintiff, for payment to her counsel.

Done this 1st day of February, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE